CEPHAS R. BENSON *vs.* RICHARD BOTELER.—*Dec.* 1844.

The condition of B's bond of the 30th May, 1835, recited, that in consideration of $500, and three promissory notes amounting to $500, he would convey to R. a certain house and lot, when all the conditions of his bond should be complied with—at the foot of this bond was a receipt for $500; another paper signed by B., dated in 1841, certified, that he had taken back the house and lot, for the same amount of money which R. agreed for and purchased of him, and "feel myself bound for the same amount." R. took possession of the house in 1835; and remained there until 1840; the rent of which was worth $90 per annum. In an action brought upon the agreement of 1841, to recover the $500, HELD: that the defendant was bound to return to the plaintiff the amount, if any, which the jury should find was paid by him to the defendant, under the contract of 1835; that the value of the use and occupation was not to be deducted from such sum; and that the contract of 1841 was a re-purchase.

The possession by the plaintiff of a paper signed by the defendant, and on which the former had brought an action at law, is sufficient evidence from which the jury might find it to be the agreement of the parties.

APPEAL from *Prince George's* county court.

This was an action of *trespass upon the case*, brought on the 18th May, 1842, by the appellant against the appellee.

The plaintiff declared upon the sale of the house, &c., and the agreement of the defendant to take the property back, and a special assumpsit to repay, as mentioned in the bill of exceptions. The defendant pleaded *non assumpsit*, on which issue was joined. The verdict was for the plaintiff.

At the trial of this cause, the plaintiff to maintain the issue on his part, read to the jury the following papers, to wit:

"Know all men by these presents, that I, *Cephas R. Benson*, of &c., am held and firmly bound unto *Richard Butler*, in the full and just sum of two thousand dollars, current money of the United States, to be paid to the said *Richard Butler*, his heirs or assigns, for which payment well and truly to be made and done, I, the said *C. R. B.*, bind myself, my &c. Sealed with my seal and dated this 30th May, 1835.

The condition of the above obligation is such, that if the above bound *C. R. B.* shall, for and in consideration of $500, as aforesaid, paid in hand, and one promissory note of the date aforesaid, payable two years after the date aforesaid, for $166.66⅔, with legal interest thereon from the date aforesaid, until paid, and one promissory note payable in four years from the date aforesaid, for $166.66⅔, with legal interest thereon, until paid, as aforesaid, and one promissory note for $166.66⅔, payable in six years from the date aforesaid, with interest thereon as aforesaid, then the said *C. R. B.* shall convey unto the said *R. B.*, a certain house and lot by good and sufficient deed, lying and being in the town of *Queen Ann*, in &c., containing one acre of land, more or less, and generally known as *Sparrow's Tavern*, when all the conditions of this bond or obligation are complied with; then this obligation to be void and of none effect, otherwise, of full force and virtue in law.

CEPHAS R. BENSON, (Seal.)

Witness, *John Claytor.*

*Queen Ann, May* 30th, 1835. Received of *Richard Butler* the sum of five hundred dollars, the same being the cash payment mentioned in the annexed bond. *C. R. B.*"

And proved the same to be in the hand writing of the said defendant; and also read to the jury the following paper, to wit :

" I hereby certify, that I have taken back the house and lot in *Queen Ann* for the same amount of money which *Richard Butler* agreed for, and purchased of me, and feel myself bound for the said amount. Given under my hand and seal this 24th day of August, 1841.                    C. R. BENSON.

     *Test,*—S. H. B."

And proved the same to be in the hand writing of the defendant.

The defendant then proved to the jury, that the plaintiff *R. B.*, took possession of the said house and lot mentioned in the said bond of conveyance, on or about the date thereof, and remained in the possession thereof until the year 1840. And then proved to the jury, that the sum of ninety dollars was the fair and reasonable value of the said house and lot per annum, from the said 30th April, 1835, to the said year, 1841.

Thereupon the defendant prayed the court to instruct the jury, that if they find from the evidence in the cause, that from the time of the contract of sale from defendant to plaintiff in 1835 to the year 1840, the said plaintiff was in the possession of the said house and lot, or received the rents and profits thereof under the aforesaid contract of sale, that then by the legal construction of the agreement or instrument of writing relied on and declared upon in the present action, the plaintiff is only entitled to recover the difference in his favor, if any, between the original cash payment of five hundred dollars, and the value of the use and occupation of the said house and lot for the time it was so sold by the plaintiff; which opinion and instruction the court (STEPHEN, C. J.) refused to give; but were of opinion and so instructed the jury, that by the legal construction of said instrument of writing, the defendant was bound to refund to the plaintiff the amount, if any, which the jury shall find was paid by him to the said defendant for said house and lot, provided they find the con-

tract of August 1841 to have been made between the parties. To which opinion of the court as given to the jury, and to their refusal to grant the defendant's prayer, the defendant excepted.

The defendant appealed to this court.

The cause was argued before ARCHER, CHAMBERS, SPENCE, STONE and SEMMES, J.

By TUCK for the appellant, and
By PRATT for the appellee.

STONE, J., delivered the opinion of this court.

The county court having referred to the jury the evidence offered of the facts, that the paper of August 1841, was the agreement of the parties; that is, that the paper was made and delivered by the defendant, and accepted and assented to by the plaintiff; and also, the amount of money to be paid by the defendant to the plaintiff, and predicating their opinion upon the hypothesis that these facts might be found by the jury, proceed in the instructions given to construe the paper of August 1841 as a memorandum of an agreement between the parties for a re-purchase of the same property at the same price it had been in 1835 contracted to be sold by the defendant to the plaintiff, and therefore, that the amount to be refunded was subject to no abatement for the value of use and occupation while held under the first contract.

It is insisted, that by the true construction of this paper of August 1841, it is only an agreement to rescind the contract of 1835, and that when the money paid upon a rescinded contract is sought to be recovered back, an abatement or deduction is to be made from that amount, for the value of use and occupation while the property was held under the contract of sale. It is further insisted, that there was no legally sufficient evidence offered, tending to prove the paper of August 1841 was the agreement of the parties, and therefore, the finding of that fact ought not to have been submitted to the jury.

In construing written instruments, the first and chief object is to ascertain the meaning of the parties, and the intention as expressed, unless contravening some rule of law, is to be carried into effect, 9 *Gill & John.* 77.   The paper of August 1841, referring to the contract of 1835, to ascertain the amount and designate the property, and declaring an agreement had been made to take back the same property, contracted to be purchased in 1835, at the same amount paid at that time, shows clearly that the first contract of sale was not rescinded, but that a new contract to purchase back the same property at a fixed price had been then made, to take effect from its date. The first contract stood in full force until the agreement of August 1841 was made, and all the rights acquired under the contract of 1835 remained unimpaired up to August 1841. The use and occupation of the property so contracted for in 1835, was a right thereby acquired; he could not, therefore, be liable to the defendant for the value of such use and occupation.

As to the second objection, after the opinion above expressed, it is only necessary to say that the paper of August 1841, being proved to have been signed by the defendant, the possession thereof by the plaintiff and, pursuit of his remedy thereon, was sufficient evidence from which the jury might find it to be the agreement of the parties.   The possession of the obligee in a bond is evidence of its delivery, 1 *H. & J.* 323. This agreement contains an obligation on the part of the defendant to pay the same amount of money which had been received by him on the contract of 1835.   It also states the consideration for this obligation.   The consideration being the taking back from the plaintiff the property contracted to be sold to him in 1835, the inference is irresistible, that the payment was to be made to the plaintiff: he therefore stands in the same attitude as an obligee in a bond, and it would have been error in the court to take from the jury a fact of which there was evidence legally sufficient offered, 10 *G. & J.* 346.   Concurring in opinion with the county court, we affirm the judgment.                              JUDGMENT AFFIRMED.